IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LARRY USHER, | |
| Petitioner | |
| VS. | NO.  5:09-CV-9 (HL) |
| DON JARRIEL, Warden, | Proceeding Under 28 U.S.C. §2254<br>Before the U.S. Magistrate Judge |
| Respondent | |

## RECOMMENDATION TO DISMISS

Petitioner Larry Usher has filed a petition herein seeking federal habeas corpus relief.  Tab #1.  Respondent Don Jarriel has filed a motion seeking to dismiss this petition contending that it is untimely filed under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Tab #8. Petitioner Usher has responded to the respondent's motion.  Tab  #11.

### LEGAL STANDARD

The provisions of the AEDPA, 28 U.S.C. §2244(d) provide as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  The limitation period shall run from the latest of–*

*(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

*(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*

*(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or*

*(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

FACTUAL AND PROCEDURAL HISTORY

Petitioner Usher was convicted of malice murder, possession of a firearm in the commission of a felony, and burglary in Butts County, Georgia on September 1, 1988. He was sentenced to life imprisonment plus five (5) years consecutive and five (5) years probation. Upon appeal, the Georgia Supreme Court affirmed the conviction on February 28, 1990 and denied petitioner Usher's motion for reconsideration on March 28, 1990. See *Usher v. State*, 259 Ga. 835 (1990).

On May 10, 1991, petitioner Usher filed a *state* habeas corpus petition in the Superior Court of Ware County, Georgia. Following denial of relief by the *state* habeas court, petitioner Usher's application for a certificate of probable cause to appeal was denied by the Georgia Supreme Court on February 26, 1992. *See* Minutes of the Supreme Court of Georgia, S92H0422 (1992). On November 8, 2007, petitioner Usher filed a second *state* habeas petition in the Superior Court of Tattnall County, Georgia. This petition was denied in an order executed on October 27, 2008. Appeal from this order was denied by the Supreme Court of Georgia on February 23, 2009. Prior to the Georgia Supreme Court's denial of petitioner Usher's second *state* habeas action, petitioner filed the instant action on January 12, 2009. Respondent Jarriel subsequently filed the instant motion seeking dismissal to which the petitioner has responded.

DISCUSSION

Upon review of the arguments of the petitioner and respondent herein, the undersigned finds the respondent's conclusion that the instant petition is untimely filed to be correct. In support of this conclusion, the undersigned makes the following observations; (1) Petitioner Usher's convictions became final several years before the 1996 enactment of the AEDPA; (2) Following the 1996 enactment of the AEDPA, petitioner had a one-year grace period in which to file a federal habeas petition;[1] (3) Petitioner failed to execute a federal habeas petition until November 8, 2007, long after the expiration of the aforementioned grace period; (4) Petitioner Usher did not have any state collateral attacks pending during the relevant time period that would toll the period of limitations for purposes of timely filing a federal petition; and, (5) Petitioner Usher's arguments for the court to consider his federal petitioner despite its being untimely filed are insufficient insofar as they are unsupported and conclusory.

---

[1]See *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998).

It is clear that petitioner Usher has exceeded the one-year period of limitations and that his federal petition was untimely filed. Accordingly, the respondent's motion seeking dismissal should be **GRANTED** and the instant petition for habeas corpus **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof.

The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 23rd day of June, 2009



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE